**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**AUTO-OWNERS INSURANCE COMPANY,**

        **Plaintiff,**

**-vs-**        Case No. 6:05-cv-334-Orl-31JGG

**SOUTHEAST FLOATING DOCKS, INC., and ALAN L. SIMPSON,**

        **Defendants.**

## ORDER

This case is before the Court on Defendants Southeast Floating Docks Inc.'s and Alan L. Simpson's (collectively, "Southeast") Motion to Dismiss (Doc. 15) and Motion for Summary Judgment (Doc. 23) and Plaintiff Auto-Owners Insurance Company's Oppositions (Docs. 22 and 40) thereto.

The Court must call a foul on Southeast's part because its motions lack a reasonable level of intelligibility. A considerable and complex history of state-court litigation precedes this case. The state-court litigation involved a dispute related to the purchase and sale of a floating dock system for a residential complex. Apparently, Southeast supplied the docks, a contractor installed the docks, a developer commissioned the project, and a group of homebuyers eventually purchased the results – boat slips in a so-called "dockominium" complex. Southeast originally filed the state-court case in 2001 to demand a final payment for the docks it supplied. The contractor and the developer, among perhaps others, counterclaimed against Southeast for allegedly supplying

defective docks. The instant case is a dispute between Southeast and its insurer, Auto-owners, arising from events related to the state-court litigation.

In its motions, Southeast essentially takes for granted that the Court is intimately knowledgeable of the various parties, the parties' legal capacities (and naming conventions), a series of transactions, and long-pending proceedings that could shed light on the context of this case. In reality, however, the Court is a heretofore unenlightened bystander charged with the duty not of reading litigants minds but of assessing documented proof and (hopefully cohesive) legal analyses. Some coherent, perhaps chronological, background is in order. Usually, the technique of beginning *in medias res* should be left to literature. Furthermore, it is not helpful to the Court when a party, such as Southeast in this case, submits memoranda which include document cites that do not clearly match up with supporting information in appendices and related (unmarked) exhibits. The most compelling, case-dispositive proof and points can be buried in a wash of invective, apparent irrelevancies, and fleetingly noted legal propositions.

That said, it is not inconceivable that Southeast has made some valid point,[1] but the Court is not in a position to sift through Southeast's submissions to find that point. For the foregoing reasons, it is hereby

///

///

///

---

[1] This is not to say, however, that the Court take judicial notice of previously adjudicated facts or abandoned claims; the doctrines of issue and claim preclusion, for instance, regulate such issues. By pointing this out, the Court in no way means to prompt briefing of such issues or speculate as to their relevance.

**ORDERED** that Southeast's Motion for Summary Judgment (Doc. 23) is **DENIED** without prejudice. And, as Southeast ostensibly concedes that there are matters to consider outside the pleadings, Southeast's Motion to Dismiss (Doc. 15) is **DENIED** as moot. Southeast shall file an answer by August 3, 2005, and when it believes it can organize a sufficient record to file a reasonably (and hopefully easily) intelligible dispositive motion, it may do so.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 20, 2005.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record