UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AUTO-OWNERS INSURANCE
COMPANY,

Plaintiff,

-vs-                                                    Case No. 6:05-cv-334-Orl-31JGG

SOUTHEAST FLOATING DOCKS, INC.,
and ALAN L. SIMPSON,

Defendants.

---

ORDER

This cause came on for consideration without oral argument on the following motion:

| MOTION: | DEFENDANTS' MOTION TO STAY DISCOVERY OR ALTERNATIVELY RENEWED REQUEST FOR PROTECTIVE ORDER LIMITING DISCOVERY (Doc. No. 63) |
|---|---|
| FILED: | August 29, 2005 |

THEREON it is ORDERED that the motion is DENIED.

Defendants move to stay all discovery pending a ruling on Defendants' motion for summary judgement, claiming the Court lacks jurisdiction over the matter under the *Rooker-Feldman* doctrine. Alternately, Defendants seek a protective order to avoid responding to certain discovery requests propounded by Plaintiff.

## I.    MOTION TO STAY DISCOVERY

Normally, the mere pendency of a motion for summary judgment is insufficient to grant a

unilateral motion to stay discovery pending resolution of the motion. Indeed, such motions are rarely

granted. Unusual circumstances, however, may justify a stay of discovery in a particular case upon

a specific showing of prejudice or undue burden. Middle District Discovery (2001) at 3, §I.E.4.

Defendants generally claim that having to pursue simultaneous litigation in two forums is

"time consuming and expensive." Nevertheless, Defendants make no specific showing of prejudice

or undue burden. Rather, the focus of Defendants' argument is that the Court lacks subject matter

jurisdiction over this action under the *Rooker-Feldman* doctrine and, therefore, a stay of discovery

pending a ruling on summary judgment is warranted.

The United States Court of Appeals for the Eleventh Circuit has explained the *Rooker-*

*Feldman* doctrine as follows:

> The Rooker-Feldman doctrine provides that federal courts, other than
> the United States Supreme Court, have no authority to review the final
> judgments of state courts. The doctrine extends not only to
> constitutional claims presented or adjudicated by a state court, but also
> to claims that are "inextricably intertwined" with a state court
> judgment. A federal claim is "inextricably intertwined" with a state
> court judgment if the federal claim succeeds only to the extent that the
> state court wrongly decided the issues before it. However, even if a
> claim is "inextricably intertwined" with the state court judgment, the
> doctrine does not apply if the plaintiff had no reasonable opportunity
> to raise his federal claim in state proceedings.

*Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1331-32 (11th Cir.2001) (citation and quotation

omitted). In order for *Rooker-Feldman* to bar a district court's jurisdiction, four criteria must be met.

*Amos v. Glynn County Bd. of Tax Assessors*, 347 F.3d 1249, 1265 n. 11 (11th Cir.2003). The four

criteria are: (1) the party in federal court is the same as the party in state court; (2) the prior state court ruling was a final or conclusive judgment on the merits: (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding: and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment. *Id.* Further, the Supreme Court has held that the *Rooker-Feldman* doctrine is confined to cases that are "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, --- U.S. ----, ----, 125 S.Ct. 1517, 1521-22, 161 L.Ed.2d 454 (2005).

Defendants' explanation of the action(s) in the state courts is confusing and contradictory. For example, at one point, Defendants say the state court action was settled (Defendant's Motion at 5 n. 6), and at another point, Defendants say the state court litigation is on-going. (Defendant's Motion at 6.) Based on the motion, it appears the required element of a final or conclusive judgment on the merits is absent. Therefore, the motion to stay discovery is denied.

## II.    MOTION FOR PROTECTIVE ORDER

Defendants move in the alternative for a protective order to limit the scope of Plaintiff's discovery. Defendants, however, failed to meet and confer on the motion for protective order as required by Local Rule 3.01(g). See Response to Defendants' Motion, Docket No. 68-1 at 1; Response to Defendants' Objection, Docket No. 61 at 4. The Court, therefore, denies without prejudice the motion for a protective order.

## CONCLUSION

Defendants' motion to stay is denied.  Defendants' motion for a protective order is denied without prejudice for failure to comply with Local Rule 3.01(g).

**DONE** and **ORDERED** in Orlando, Florida on September *28*, 2005.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

-4-