# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

AUTO-OWNERS INSURANCE
COMPANY,

**Plaintiff,**

-vs-                                      **Case No.  6:05-cv-334-Orl-31JGG**

SOUTHEAST FLOATING DOCKS, INC.,
and ALAN L. SIMPSON,

**Defendants.**

---

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO QUASH SUBPOENAS AND FOR PROTECTIVE ORDER (Doc. No. 88)** |
| **FILED:** | **October 6, 2005** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

At issue are three subpoenas for deposition issued by Defendants to Plaintiff's corporate officers and Plaintiff's corporate representative. Plaintiff raises various service objections and seeks a protective order based on privilege and overbroad discovery. The Court is particularly concerned with Defendants' statement that Plaintiff's counsel failed to address most of the issues raised by this motion when counsel conferred as required by Local Rule 3.01(g). It appears that Defendants resolved many issues after reading Plaintiff's motion and that portions of Plaintiff's motion are now moot. The Court will address each issue below.

I.      **Adequate Service of the Subpoenas**

Plaintiff first complains that the subpoenas to Thomas Froman and John Fisher, two of Plaintiff's corporate officers, were not properly issued because: (1) the subpoenas were issued from this district although the depositions are to occur in Michigan, and (2) no fee was served with the subpoenas.    Plaintiff did not attach the subpoenas to its motion for the Court to review. Fed. R. Civ. P. 45(a)(2) and 45(b)(1).   As shown by Defendants's response, Defendants issued "amended" subpoenas from the Western District of Michigan and has paid the required fees. Therefore, the objections to subpoenas issued in this district have been resolved and the Court denies the motion to quash on these grounds as moot.

Plaintiff next complains that Defendants issued a subpoena to take the deposition of the Plaintiff's corporate representative with the most knowledge regarding certain subjects. The problem, according to Plaintiff, is the use of a subpoena instead of noticing a deposition under Rule 30 and a production of documents under Rule 34.   As far as the Court can discern, this is an argument about form over substance.   Nothing in Rule 45 restricts subpoenas to non-parties and Rule 45 can be used to subpoena parties to appear at depositions.   *See Cooney v. Sun Shipbuilding & Drydock Co.*, 288 F.Supp. 708, 717 (E.D. Pa. 1968) ("Rule 45 permits both party and nonparty witnesses to be served with subpoenas duces tecum."), Subpoenas duces tecum to parties, however, must be construed *in pari materia* with Rules 30 and 34.   *See Hickman v. Taylor*, 329 U.S. 495, 505 (1947) ("The deposition-discovery rules create integrated procedural devices."); *Boeing Airplane Co. v. Coggeshall*, 280 F.2d 654, 658 (D.C. Cir. 1960) (rules governing the enforcement of a subpoena duces tecum must be read *in pari materia*); *Tiedman v. Am. Pigment Corp.*, 253 F.2d 803, 808 (4th Cir. 1958) (Rule 26

of the Federal Rules dealing with depositions in pending actions and this rule are *in pari materia* with Rule 34 dealing with discovery and production of documents and things for inspection, copying, or photocopying.).

Plaintiff does not state what harm it allegedly suffered from being served with a subpoena instead of a deposition notice. The subpoena (which specifically refers to Fed. R. Civ. P. 30(b)(6)) was issued on September 16, 2005, with a deposition and document production date of October 21, 2005. Plaintiff has received all of the notice it would have been entitled to receive pursuant to Rules 30 and 34. The Court notes that Plaintiff's obligations to respond differ between Rule 45 and Rule 34, and that the time for making objections also differs. Since the Defendants chose to issue a subpoena instead of serving a request for production pursuant to Rule 34, the Court will not require Plaintiff to provide the written response required by Rule 30(b). In order not to prejudice Plaintiff, however, Plaintiff does not have to serve its written objections within 14 days as required by Rule 45(c)(2)(B), but may use the 30-day time limit set forth by Rule 30(b). The Court, therefore, denies Plaintiff's motion to quash the subpoena duces tecum of the corporate representative.

## II.   Jurisdiction to Issue a Protective Order for Froman and Fisher

Plaintiff moves for a protective order as to several items in the Request for Production attached to the subpoenas of Thomas Froman and John Fisher. Since the filing of this motion, Defendants had new subpoenas issued for Froman and Fisher from the Western District of Michigan. As discussed below, the Court lacks jurisdiction to decide disputes regarding subpoenas issued from another district.

A motion to quash and for a protective order in respect of a subpoena must be initially brought in the court that issued the subpoena. Fed. R. Civ. P. 45(c)(3)(a); *Fincher v. Keller Indus.*, 129 F.R.D.

-3-

123, 125 (M.D. N.C. 1990). As stated by an authoritative treatise on federal civil procedure, "[t]he 1991 amendments to Rule 45(c) now make it clear that motions to quash, modify, or condition the subpoena are to be made to the district court of the district from the subpoena issued. It is the issuing court that has the necessary jurisdiction. . . ." 9A C. WRIGHT, A. MILLER, FED. PRACTICE AND PROCEDURE: CIVIL 2D § 2459 at 40-41 (1995). Only if the court in which the deposition is to be taken remits the matter to this Court pursuant to Rule 26(c) will this Court have jurisdiction to decide the motion. *In re Digital Equip. Corp.*, 949 F.2d 228, 230-31 (8th Cir.1991); *Petersen v. Douglas County Bank & Trust Co.*, 940 F.2d 1389, 1391 (10th Cir. 1991); 6 JAMES WM. MOORE ET AL., MOORE'S FED. PRACTICE, § 26.102[3] (3d ed.1997) ("The court in the district where the deposition is to be taken has the power to grant or deny the protective order, but also possesses discretion to defer to the judge handling the case on the merits.") (footnote omitted).

Because this Court did not issue the subpoenas to Froman and Fisher, but instead were issued by the Western District of Michigan, this Court lacks jurisdiction to enter a protective order for these two subpoenas. The Court denies the motion for a protective order for Froman and Fisher.

## III.    Analysis of Good Cause for a Protective Order for the Corporate Representative

The decision to enter a protective order is within the court's discretion and does not depend on a legal privilege. *Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545, 1548 (11th Cir. 1985). Rule 26(c) provides that upon a showing of good cause, a court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking a protective order has the burden to demonstrate good cause, and must make "a particular and specific demonstration of fact as distinguished from stereotyped and

-4-

conclusory statements" supporting the need for a protective order. *U.S. v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978).

The scope of discovery is governed by Rule 26, which allows "discovery regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation." Fed.R.Civ.P. 26(b)(1). The term "relevant" in this definition is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that bears on, any issue that is or may be in the case." *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978), *citing Hickman v. Taylor*, 329 U.S. 495, 501 (1947). The scope of discovery, though, is not without limits. *See id.* at 351-52. "Discovery of matter 'not reasonably calculated to lead to discovery of admissible evidence' is not within the scope of Rule 26(b)(1)." *Id.* at 352. Discovery requests that are otherwise reasonable may also be limited for the following reasons:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had the opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, and the importance of the proposed discovery in resolving issues.

Fed.R.Civ.P. 26(b)(2).

### A.   Overbroad, Vague or Ambiguous Requests

Plaintiff argues that certain terms used in the request for documents are vague or confusing, or that the request is overbroad. Plaintiff apparently failed to bring these issues to Defendants' attention before filing the motion, and Defendants' response attempts to clarify the terms used. The Court will not grant a protective order based on vagueness or ambiguity when Plaintiff has not

satisfied the conference requirements of Local Rule 3.01(g). The Court, therefore, denies the motion for a protective order without prejudice.

### B.    Trade Secrets

Plaintiff objects that the request for documents regarding the posting of reserves and funding of checks from reserves (Exhibit A, Request 1) is a trade secret and are irrelevant to any of Plaintiff's losses and not likely to lead to the discovery of admissible evidence. While Florida law recognizes a trade secret privilege, Fla. Stat. § 90.506, Plaintiff fails to show how the requested records qualify as trade secrets or, if they are trade secrets, why they are not discoverable under the law. Without a particular and specific demonstration of fact, the Court will not enter a protective order based on Plaintiff's trade secret argument.

Defendants argue that the requested information is discoverable because it directly implicates Defendants' purported liability for default upon which Plaintiff's case is founded. Given the broad definition of relevance, Defendants' request is proper and the Court denies the motion for protective order.

### C.    Attorney-Client Privilege and Attorney Work Product

Plaintiff asserts that the attorney-client privilege and/or attorney work product doctrine protect certain requested documents, and requests the entry of a protective order for those documents. While the Court certainly agrees that privileged documents do not have to be produced, Plaintiff has not filed a privilege log or provided any other specific information in support of its motion for protective order. The Court, therefore, denies the motion without prejudice.

## CONCLUSION

The Court denies the motion to quash. The subpoenas to Froman and Fisher issued by this Court have been supplanted and the service issues are now moot. The Court also rejects Plaintiff's argument that serving a party with a subpoena is invalid. The rules of discover, however, must be read together and Plaintiff will not be prejudiced by Defendants' use of a subpoena instead of a Rule 30 or 34 request for discovery.

The Court denies the motion for a protective order. The subpoenas to Froman and Fisher issued by this Court have been supplanted. Court lacks jurisdiction over subpoenas issued by the Western District of Michigan. Plaintiff failed to confer as required by Local Rule 3.01(g) and in the absence of a good faith effort to resolve issues about interpretation of the requests, the Court will not grant a protective order. Plaintiff also failed to make a specific showing regarding the application of the trade secret privilege, attorney-client privilege and attorney work product doctrine.

**DONE** and **ORDERED** in Orlando, Florida on October __18__, 2005.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

-7-