**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**AUTO-OWNERS INSURANCE COMPANY,**

          **Plaintiff,**

-vs-                                                  Case No. 6:05-cv-334-Orl-31JGG

**SOUTHEAST FLOATING DOCKS, INC., and ALAN L. SIMPSON,**

          **Defendants.**

## ORDER

This case arises out of disputes involving a construction project and certain contracts related thereto. The Plaintiff, Auto-Owners Insurance Company ("Auto-Owners") issued a performance bond on behalf of Southeast Floating Docks, Inc. ("Southeast"), who was a sub-contractor for the construction project. In connection therewith, Southeast and Alan Simpson ("Simpson") executed an indemnification agreement, whereby Southeast and Simpson agreed to indemnify Auto-Owners for any payments Auto-Owners made under the bond. Ultimately, an action was filed against Southeast in state court alleging that Southeast failed to perform under the construction contract, and a demand was made against the bond. Auto-Owners settled that claim, and now seeks indemnification in this Court from Southeast and Simpson. Southeast and Simpson contend that the settlement was paid in bad faith which obviates their indemnification obligation.

Auto-Owners' suit against Southeast and Simpson asserts six claims, including: (1) breach of the indemnity agreement, including a claim for recovery of the amount Auto-Owners paid in the

settlement; (2) exoneration; (3) *quia timet*; (4) specific performance of Southeast and Simpson's requirement to post collateral; (5) access to Southeast's books and records; and (6) reimbursement of the penal amount of bond and related expenses.  (Doc. 45 at 5-9).  This matter comes before the Court on a Motion for Summary Judgment filed by Southeast and Simpson.  (Doc. 78).  At a hearing on this matter on December 21, 2005, counsel for Southeast and Simpson conceded that summary judgment was not appropriate at the present time as to Counts I and VI.[1]  Further, Auto-Owners conceded that Counts II, III and V are not meritorious at this time.  Thus, at present, the only remaining issue to be resolved on Southeast's motion for summary judgment is Auto-Owners' claim for specific performance in Count IV.

In Count IV, Auto-Owners asserts that Southeast and Simpson have refused to honor their obligations under the indemnity agreement to post collateral, and thus Auto-Owners seeks to require them to specifically perform that obligation and to post collateral in the amount of $956,987.  This obligation to post collateral appears to arise out of paragraph 8 of the indemnity agreement, which provides:

> That in the event the surety or sureties executing any such bond or bonds should deem it necessary or propr to set aside as loss reserve an amount to cover any judgment that may have been rendered against the principal, with interest and costs, or to cover any unadjusted claim or claims under said bond or bonds, the Indemnitors will immediately upon demand and notwithstanding any further proceedings that may have been taken, or that may be contemplated, by the principal, and notwithstanding the pendency of any appeal, deposit with said surety or sureties, as being then due and payable, an amount of money sufficient to cover such judgment, with interest and costs, or such claim or claims, such sums to be held by said surety or sureties as collateral security on said bond or bonds, with the

---

[1] The original counsel for Southeast and Simpson was disqualified, (*see* Doc. 106), and they retained new counsel.  (*See* Doc. 113).  As discussed at the hearing on this matter, this has created no small measure of difficulty for the parties.

>   right on the part of the surety or sureties at any time to use such sum or any part thereof, as they may deem proper, in the payment of such judgment or in the settlement of such claim or claims.

(Doc. 107, Att. 3 at 2). Auto-Owners has apparently already settled and paid the penal sum of the bond, and the Court does not read this paragraph to require Southeast and Simpson to post collateral *after* such settlement and payment has been made.

However, the parties did not brief either this issue or the legal issues pertinent to resolution of Count IV at the summary judgment stage. Accordingly, Auto-Owners shall have ten days from the date of this Order to file a supplemental brief, not to exceed ten pages, to address the issue of whether paragraph 8 of the indemnity agreement requires Southeast and Simpson to post collateral at this time. Should Auto-Owners file such a brief, Southeast and Simpson will have ten days from the date of Auto-Owners' filing to file a brief in response.[2]

Accordingly, for the reasons stated herein, it is

**ORDERED THAT** Southeast's Motion for Summary Judgment (Doc. 78) is DENIED as to Counts I and VI, and GRANTED as to Counts II, III and V. The Court defers ruling on Count IV, pending further briefing.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 21, 2005.

                                                        GREGORY A. PRESNELL
                                                  UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[2] Southeast and Simpson's brief is also limited to ten pages.