**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**AUTO-OWNERS INSURANCE COMPANY,**

           **Plaintiff,**

-vs-                                **Case No. 6:05-cv-334-Orl-31JGG**

**SOUTHEAST FLOATING DOCKS, INC., and ALAN L. SIMPSON,**

           **Defendants.**

## ORDER

This case arises out of disputes involving a construction project and certain contracts related thereto. The Plaintiff, Auto-Owners Insurance Company ("Auto-Owners") issued a performance bond on behalf of Southeast Floating Docks, Inc. ("Southeast"), who was a sub-contractor for the construction project. In connection therewith, Southeast and Alan Simpson ("Simpson") executed an indemnification agreement, whereby Southeast and Simpson agreed to indemnify Auto-Owners for certain payments Auto-Owners made under the bond. Ultimately, an action was filed against Southeast in state court alleging that Southeast failed to perform under the construction contract, and a demand was made against the bond. Auto-Owners then demanded that Southeast and Simpson fulfill the requirement that they post collateral, which Southeast and Simpson failed to do. Auto-Owners settled the state court claim, and now seeks indemnification in this Court from Southeast and Simpson.[1]

---

[1] Southeast and Simpson contend that the settlement was paid in bad faith which obviates their indemnification obligation.

Auto-Owners' suit against Southeast and Simpson asserts six claims,[2] including Count IV which is at issue here, in which Auto-Owners seeks specific performance of the contract clause requiring Southeast and Simpson to post collateral. (Doc. 45 at 5-9). More specifically, Auto-Owners asserts that Southeast and Simpson have refused to honor their obligations under the indemnity agreement to post collateral, and thus Auto-Owners seeks to require them to specifically perform that obligation and to post collateral in the amount of $956,987. Auto-Owners asserts that this obligation to post collateral arises out of paragraph 8 of the indemnity agreement, which provides:

> That in the event the surety or sureties executing any such bond or bonds should deem it necessary or propr to set aside as loss reserve an amount to cover any judgment that may have been rendered against the principal, with interest and costs, or to cover any unadjusted claim or claims under said bond or bonds, the Indemnitors will immediately upon demand and notwithstanding any further proceedings that may have been taken, or that may be contemplated, by the principal, and notwithstanding the pendency of any appeal, deposit with said surety or sureties, as being then due and payable, an amount of money sufficient to cover such judgment, with interest and costs, or such claim or claims, such sums to be held by said surety or sureties as collateral security on said bond or bonds, with the right on the part of the surety or sureties at any time to use such sum or any part thereof, as they may deem proper, in the payment of such judgment or in the settlement of such claim or claims.

(Doc. 107, Att. 3 at 2). Auto-Owners has already settled and paid the penal sum of the bond. (Doc. 128 at 4-5). Nevertheless, Auto-Owners seeks to require Southeast and Simpson to post "collateral" in that amount.

---

[2] By previous Order, the Court addressed Counts I, II, III, V and VI, and ordered additional briefing on the issues surrounding Count IV. (Doc. 127). The parties have submitted supplemental briefs, (*see* Doc. 128, filed by Auto-Owners, and Doc. 133, filed by Southeast and Simpson), and this matter is now ripe for resolution.

The purpose of paragraph 8 is to collateralize the surety's risk before its payment of a claim or judgment on behalf of the principal. The language of paragraph 8 specifically notes that the surety may deem it necessary to set aside a loss reserve to cover "any judgment that may have been rendered against the principal . . . or to cover any *unadjusted* claim . . . ." (Doc. 107, Att. 3 at 2) (emphasis supplied). The collateral may then be used "*in the payment* of such judgment or *in the settlement* of such claim." (*Id*.) (emphasis supplied). Here, there is no judgment, and Auto-Owners already achieved and paid a settlement. The Defendants' failure to post collateral previously allowed Auto-Owners to reach a settlement notwithstanding Southeast's objection thereto. Now, having settled the state court claim, Auto-Owners seeks its contractual remedy, i.e., indemnification, in Counts I and VI of its Complaint. (*See* Doc. 45 at 5, 8). By Count IV, however, Auto-Owners seeks, by requiring Southeast and Simpson to post "collateral," to in essence collateralize its indemnification claim against Southeast and Simpson, using paragraph 8 as authority.

But paragraph 8 does not go this far. The Court does not read this paragraph to require Southeast and Simpson to post collateral *after* a settlement has been reached and a payment has been made, and Auto-Owners does not argue that the "collateral" it seeks would be used as a reserve to cover possible future claims or losses.[3]

---

[3] This fact alone distinguishes this case from cases Auto-Owners cites to support its position that specific performance of a collateral security provision may be granted even after a claim has been paid, because in each of those cases, the plaintiff/surety sought collateral to protect against future claims. *See Safeco Ins. Co. of Am. v. Schwab*, 739 F.2d 431, 432 (9th Cir. 1984); *U.S. Fid. & Guar. Co. v. Stanley Contracting, Inc.*, 303 F. Supp. 2d 1169, 1170-71 (D. Ore. 2004); *U.S. Fid. & Guar. Co. v. J. United Elec. Contracting Corp.*, 62 F. Supp. 2d 915, 920 (E.D.N.Y. 1999).

Accordingly, for these reasons, it is

**ORDERED THAT** Southeast and Simpson's Motion for Summary Judgment (Doc. 78) is GRANTED as to Count IV.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 24, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party