**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**AUTO-OWNERS INSURANCE COMPANY,**

          **Plaintiff,**

**-vs-**         Case No. 6:05-cv-334-Orl-31GJK

**SOUTHEAST FLOATING DOCKS, INC., and ALAN L. SIMPSON,**

          **Defendants.**

## ORDER

This matter comes before the Court on the Motion for Reconsideration (Doc. 280) filed by the Defendants. The Defendants seek reconsideration of this Court's order (Doc. 231) granting the motion for partial summary judgment as to liability filed by the Plaintiff, Auto-Owners Insurance Company ("Auto-Owners"). The Defendants filed a previous motion for reconsideration (Doc. 237) as to the same order.

**A.      Standards**

The federal rules do not specifically provide for the filing of a "motion for reconsideration." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied*, 506 U.S. 828, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992). However, it is widely recognized that Rule 59(e) encompasses motions for reconsideration. 11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, FEDERAL PRACTICE & PROCEDURE 2D § 2810.1 (2007). In the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy,

to be employed sparingly. *U.S. v. Bailey*, 288 F.Supp.2d 1261, 1267 (M.D.Fla. 2003). A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim. *Union Planters Nat. Leasing, Inc. v. Woods*, 687 F.2d 117, 121 (5th Cir. 1982).[1] The decision to alter or amend a judgment is committed to the sound discretion of the district court. *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992).

Appropriate circumstances for reconsideration include situations in which the Court has obviously misapprehended a party's position, the facts, or mistakenly has decided an issue not presented for determination. *Anderson v. United Auto Workers*, 738 F.Supp.441, (D.Kan. 1990). Generally speaking, the authorities recognize four basic grounds upon which a Rule 59(e) motion may be granted.

> First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice. Serious misconduct of counsel may justify relief under this theory. Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.

11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, FEDERAL PRACTICE & PROCEDURE 2D § 2810.1 (2007).

Parties cannot use a Rule 59(e) motion to relitigate old matters, *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005), or to raise new legal arguments which could and should have been made during the pendency of the underlying motion, *Sanderlin*

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit Court of Appeals handed down prior to the close of business on September 30, 1981.

*v. Seminole Tribe of Florida*, 243 F.3d 1282, 1292 (11th Cir. 2001). Where a party attempts to introduce previously unsubmitted evidence in support of a motion to reconsider, the party must make some showing that the evidence previously was unavailable. *Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997) (citing, *inter alia*, *Engelhard Indus. v. Research Instrumental Corp.*, 324 F.2d 347, 352 (9th Cir. 1963), *cert. denied*, 377 U.S. 923, 84 S.Ct. 1220, 12 L.Ed.2d 215 (1964)). To avoid repetitive arguments on issues already considered fully by the court, rules governing reargument are narrowly construed and strictly applied. *St. Paul Fire & Marine Ins. Co. v. Heath Fielding Ins. Broking Ltd.*, 976 F.Supp. 198 (S.D.N.Y. 1996).

**II.     Application**

Defendants' principal argument is that new evidence of the prior relationship between Alber Crafton – one of the law firms that represented the Plaintiff in connection with this matter – and American Safety Insurance Holdings, Inc. – parent company of Rivermar Contracting Company, the party to which the Plaintiff made its bond payment – is evidence of bad faith on the Plaintiff's part in making that payment. The Defendants offer no explanation as to why this evidence was previously unavailable, and therefore no basis exists for the Court to consider it. Moreover, while evidence of such a conflict might suggest that Alber Crafton fell short of its professional duty to Auto-Owners, it does not tend to suggest that Auto-Owners acted in bad faith. The additional evidence in the motion has either already been considered by the Court in the Defendants' two previous bites at this apple or, in the case of Auto-Owners' decisions to settle or

drop some other claims, cannot reasonably be interpreted as suggesting that Auto-Owners acted in bad faith. Accordingly it is hereby

**ORDERED** that the Motion for Reconsideration (Doc. 280) is **DENIED**.[2]

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 15, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[2] In their first footnote (Doc. 280 at 2 n.1), the Defendants seem to suggest that their reply to Auto-Owners' most recent motion for partial summary judgment (Doc. 271) will incorporate the instant motion by reference. While Defendants are free to argue that the alleged conflict impacts the damages issue, they must do so in a standalone response that does not exceed the page limitations set by this Court.