**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**AUTO-OWNERS INSURANCE COMPANY,**

          **Plaintiff,**

-vs-                                                  Case No. 6:05-cv-334-Orl-31GJK

**SOUTHEAST FLOATING DOCKS, INC., and ALAN L. SIMPSON,**

          **Defendants.**

_____

# ORDER

This matter comes before the Court on the Motion for Attorney's Fees and Costs (Doc. 362) filed by Defendant Southeast Floating Docks, Inc. ("Southeast"), the response (Doc. 365) filed by the Plaintiff, Auto-Owners Insurance Company ("Auto-Owners"), and Southeast's reply (Doc. 368).

These parties to this diversity case have an exceptionally long and active litigation history. For purposes of the instant motion, that history may be boiled down to a few sentences. Auto-Owners paid nearly a million dollars on a construction bond, then sued Southeast and its president, Defendant Alan Simpson ("Simpson"), for indemnification. Southeast and Simpson argued that they were not liable to Auto-Owners because the payment was made in bad faith. They prevailed at trial. The Court granted Auto-Owners' motion for a new trial and its subsequent motion for summary judgment. The Defendants appealed the $1.2 million summary judgment.

After the Court granted the motion for a new trial but before it entered summary judgment, Southeast offered to pay Auto-Owners $300,000 in exchange for a dismissal with prejudice. Auto-Owners rejected the offer. Some time afterward, the United States Court of Appeals for the Eleventh Circuit reversed this Court's order granting a new trial and reinstated the original jury verdict in favor of the Defendants.

Southeast now seeks to recover its attorneys' fees pursuant to the Florida offer of judgment statute, which provides in pertinent part:

> In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees . . . from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer.

Fla. Stat. § 768.79(1). The purpose of Florida's offer of judgment statute is to encourage the early settlement and termination of litigation in civil cases generally. *MGR Equip. Corp., Inc. v. Wilson Ice Enterprises, Inc.*, 731 So. 2d 1262, 1264 (Fla. 1999). An award of fees under the statute is a sanction against a party for refusing to accept what is presumed to be a reasonable offer. *Sarkis v. Allstate Ins. Co.*, 863 So. 2d 210, 222 (Fla. 2003).

Any offer of settlement pursuant to Fla. Stat. § 768,79 must be made in compliance with Fla.R.Civ.P. 1.442, which provides in pertinent part that

> (a) Applicability. This rule applies to all proposals for settlement authorized by Florida law, regardless of the terms used to refer to such offers, demands, or proposals, and supersedes all other provisions of the rules and statutes that may be inconsistent with this rule.
>
> (b) Service of Proposal. A proposal to a defendant shall be served no earlier than 90 days after service of process on that defendant; a proposal to a plaintiff shall be served no earlier than 90 days after the action has been commenced. No proposal

shall be served later than 45 days before the date set for trial or the first day of the docket on which the case is set for trial, whichever is earlier.

Under Florida law, statutes awarding attorney's fees must be strictly construed. *Gershuny v. Martin McFall Messenger Anesthesia Professional Ass'n*, 539 So. 2d 1131, 1132 (Fla. 1989). The provisions of Fla.R.Civ.P. 1.442 must also be strictly construed. *Willis Shaw Exp., Inc. v. Hilyer Sod, Inc.*, 849 So. 2d 276 (Fla. 2003) (stating that Rule 1.442 must be strictly construed because it is in derogation of common law rule that each party pay its own fees).

Thus, for Southeast to be entitled to receive attorney's fees, its settlement offer must have been made no later than "45 days before the date set for trial or the first day of the docket on which the case was set for trial, whichever is earlier." This case was first set for trial on May 30, 2006. The jury returned its verdict in favor of Southeast and Simpson on June 1, 2006. Southeast served its settlement offer on December 11, 2006, more than six months beyond the deadline set by Rule 1.442(b).

Southeast counters that its offer was served more than 45 days before the date set for the second trial – June 2, 2008. Had Southeast obtained a judgment as a result of that second trial, it might have an argument.[1] But the judgment on which it now seeks to rely, which was entered on June 2, 2006 (and reinstated on July 23, 2009), resulted from the first trial, which concluded months before the offer was served. As Florida courts have held, there is nothing

---

[1] At least one Florida appellate court has suggested, in dicta, that Section 768.79 settlement offers may properly be served in anticipation of a second trial. *See Glanzberg v. Kauffman*, 771 So. 2d 60, 61 (Fla. 4th DCA 2000) (after reversing and remanding for new trial, denying award of attorney's fees to plaintiff where offer was served after first trial, but suggesting if plaintiff prevailed on remand she could be awarded fees from second trial and subsequent appeal).

within the language of Section 768.79 to suggest the Florida legislature contemplated its use during appeals. *See Deleuw, Cather & Co. v. Grogis*, 664 So. 2d 989, 989 (Fla. 4th DCA 1995) (noting that, among other things, statute speaks in terms of "plaintiff" and "defendant" rather than "appellant" and "appellee"). And there is certainly nothing that suggests it was intended to apply on appeal in the special case where, as here, an appellate court reinstates the original verdict, or that it was intended to "relate back" to a previously entered judgment.

If one looks to the second trial, as Southeast suggests, then Southeast has not qualified for an award of fees, because it did not obtain a judgment in its favor subsequent to its offer. (To the contrary, it was Auto-Owners that prevailed in the leadup to the second trial, obtaining a $1.2 million summary judgment.) Strictly construing the pertinent statutes in favor of Auto-Owners, as it must, the Court finds that Southeast has not established its entitlement to fees pursuant to Fla. Stat. § 768.79 and Fla.R.Civ.P. 1.442. Accordingly, it is hereby

**ORDERED** that the Motion for Attorney's Fees and Costs (Doc. 362) filed by Defendant Southeast Floating Docks, Inc. is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 20, 2009.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party